## IN RE DECKER.

PATENTS; ORIGINALITY; NOVELTY.

A patent will not be granted for a product described in prior patents even though the devices for making the product as so described are inoperative. The inoperativeness of such prior devices might be material if process claims were under consideration.

No. 654. Patent Appeals. Submitted November 9, 1910. Decided December 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting certain claims of an application for patent.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Clarkson A. Collins* and *Mr. Louis Prevost Whitaker* for appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, rejecting certain claims of appellant, William H. Decker, in an application for patent, on the ground that they do not involve patentable novelty, in view of the prior art. Seven of appellant's claims were rejected, the first of which sufficiently sets forth the issue, as follows:

"A bilged barrel body composed of a wound sheet of paper pulp disposed in a series of undistorted layers, superposed directly one upon another, each of which layers is of a uniform thickness and uniform degree of solidity from end to end of the barrel, substantially as set forth."

The claims of appellant's application relating to the process for the manufacture of paper barrels were granted. What he is here seeking is a patent on the product. A number of references to prior patents for inventions for the manufacture of paper barrels appear in the record. Two, known as the Clark and the Taylor patents, are specially referred to in the opinions of the three tribunals of the Patent Office. It seems to be conceded that the Clark and the Taylor patents both disclose means intended to produce barrels of the kind described in appellant's claims. These references are assailed by appellant on the ground that they disclose inoperative devices, and therefore do not constitute a constructive reduction to practice of the article covered by his rejected claims. We are not impressed with the importance of this contention, since both the Taylor and the Clark patents disclose a very complete conception of a paper barrel of the description and quality of the one on which appellant is here claiming a patent. This being true, we are inclined to agree with the conclusion expressed in the opinion of the Examiners in Chief, that "the construction of a successful machine does not, in our view, entitle an applicant to shut out other inventors from achieving the same result, no matter by what means it may be accomplished." Appellant has been granted a patent for his machine, which fully protects him in his process for manufacturing paper barrels, and it

would seem that he has been awarded all to which he is entitled.

The question before us is disposed of in *Cohn v. United States Corset Co.* 93 U. S. 366, 23 L. ed. 907, where the court held a patent for a corset invalid on the ground that it had been fully described in a prior English patent, although the prior patent contained no description of the device by which the corset could be made. The court in its opinion said: "It is quite immaterial, even if it be a fact, that the Johnson specification is insufficient to teach a manufacturer how to make the patented corset. It is enough if it sufficiently describes the corset itself. Neither it nor the plaintiff's specification exhibits the process of making. Neither of them set up a claim for a process. The plaintiff claims a manufacture, not a mode of making it; and the important inquiry, therefore, is whether the prior publication described the article.  *  *  *  It is enough for this case that the invention patented to the plaintiff was clearly described in 1854, in the printed publication of the Johnson (Geresme) provisional specification."

In the present case, appellant is not claiming a process for making a barrel,—he has a patent for that,—but he is here seeking a patent on the product,—the barrel itself. We think it sufficient that the product was clearly described in the Taylor and the Clark patents. The inoperativeness of these patents might be material if we were considering process claims. But that is not this case.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                        *Affirmed.*