530

FINKES et al. v. COE, Commissioner
of Patents.
No. 8228.

United States Court of Appeals for the
District of Columbia.

Argued Feb. 17, 1943.

Decided March 29, 1943.

Mr. Victor D. Borst, of New York City, with whom Mr. Charles J. Diller, of Washington, D. C., was on the brief, for appellant.

Mr. Clarence W. Moore, United States Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

PER CURIAM.

In a suit under R.S. § 4915, 35 U.S.C.A. § 63, the District Court declined to authorize the issue of a patent for an improved hollow-back shovel. The significant concept in the appealed claim is the thickening, in order to resist wear and breakage, of the longitudinal central portion of the shovel blade. The width of this central portion, "substantially one-fifth that of the back edge of the blade," and the rate at which it is tapered down, do not appear to be critical. Lowman patent No. 142,859, said to be the pioneer hollow-back shovel, uses a piece of sheet metal which "may be rolled of unequal thickness, making it thickest in the parts which in the article, when made, will be exposed to the greatest strain." Surbaugh patent No. 1,083,952, also for a hollow-back shovel, uses a thin piece of steel "rolled to provide a rib * * * whereby the metal is left more thick and thereby adding rigidity and strength to the sheet." Surbaugh states that the rib extends "longitudinally through the center * * *" Myers patent No. 340,602, for a strap type of shovel, teaches that "the greatest strain on the shovel-blade * * * is always at, along, and on the longitudinal center line * * *; hence it will be apparent that the greatest thickness of metal should be at that part * * *" Though appellants' shovel has been commercially successful, we think the Patent Office and the District Court were right in finding that it was not inventive. Appellants contend that the actual rolling of their shovel-blade involved serious difficulties which had not previously been solved. That question is not controlling, since the claim is for a product and not a process. Cohn v. United States Corset Co., 93 U.S. 366, 377, 23 L.Ed. 907; In re Decker, 36 App.D.C. 104; In re Von Bramer, 127 F.2d 149, 152, 29 C.C.P.A., Patents, 1018.

Affirmed.